IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00744-PAB-KMT

ALEXANDER PRICE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

CATHEDRAL ENERGY SERVICES INC.,

    Defendant.

**ORDER**

    This matter is before the Court on the Joint Motion to Transfer Venue Under 28 U.S.C. § 1404(a) [Docket No. 35] filed by plaintiff Alexander Price and defendant Cathedral Energy Services Inc. ("Cathedral"). The parties request that the Court transfer this case to the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

    On April 9, 2015, plaintiff initiated this lawsuit as a collective action, alleging that Cathedral has failed to provide overtime pay at a rate no less than one and a half times their regular rate to its operators for work performed in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 215. Docket No. 1 at 4, ¶ 19. At all relevant times, plaintiff lived and worked in the District of Colorado. *Id.* at 2, ¶ 7. As stated in the parties' joint transfer motion, defendant maintains a corporate office in the Southern District of Texas and conducts substantial business there, and counsel for both parties are located in Houston, Texas. Docket No.

35 at 1-2. As additional grounds for transfer, the parties state that counsel for both parties are currently litigating another FLSA collective action involving Cathedral that, like this case, alleges that Cathedral mis-classified certain workers as exempt from FLSA's overtime pay requirement. *Id.* at 2; *see also Wallace v. Cathedral Energy Servs., Inc.*, No. 14-cv-03186 (S.D. Tex. Filed Nov. 6, 2014) ("*Wallace*"). The parties further state that they have a mediation scheduled in *Wallace* in January 2016 in Houston, Texas and that they believe that this case and *Wallace* can be resolved collectively. Docket No. 35 at 2.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: "(1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

The Court first notes that the parties' argument that their agreed choice of venue should be given controlling weight "in all but the most exceptional cases," Docket No.

35 at 2, is misplaced.  The case on which the parties rely, *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Texas*, involved a pre-suit forum-selection clause that provided for litigation of any disputes "in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division."  134 S. Ct. 568, 575 (2013).  The Supreme Court did not, in that case, address the effect of post-filing agreements to transfer venue.  The Court, therefore, must conduct its own analysis of whether transfer is appropriate.

The Court is satisfied that this action could have been brought in the Southern District of Texas based on Cathedral's representation that it maintains a corporate office in that district and conducts substantial business there.  Regarding the inconvenience of the existing forum, the parties have not provided much in the way of explanation.  The parties state that *Wallace* is set for mediation in Houston, Texas in January 2016 and express a desire to resolve this matter at the same time, but the parties provide no reason why a Colorado venue would prohibit them from mediating this case in Texas.  Nevertheless, because the parties filed a joint motion and because counsel for both parties reside in the Southern District of Texas, the Court finds that the Southern District of Texas is the more convenient venue.  Finally, in light of the parties' stated desire to settle this matter collectively with *Wallace*, the Court finds that considerations of convenience and interests of justice favor the transfer of this case to the United States District Court for the Southern District of Texas, where counsel for both parties are located.  Accordingly, it is

**ORDERED** that the Joint Motion to Transfer Venue Under 28 U.S.C. § 1404(a) [Docket No. 35] is **GRANTED**.  It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of Texas.

DATED December 10, 2015.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge